THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL DUANE HATCH,<br><br>               Petitioner,<br><br>      v.<br><br>JACK WARNER,<br><br>               Respondent. | No. 3:24-CV-5900-BJR-DWC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I.      INTRODUCTION

Petitioner Daniel Duane Hatch, proceeding *pro se*, filed this federal habeas petition pursuant to 28 U.S.C. § 2254, seeking relief from his state court conviction and sentence. Currently before the Court is the report and recommendation of United States Magistrate Judge David W. Christel ("R&R") recommending that this Court dismiss this action with prejudice as time-barred in accordance with 28 U.S.C. § 2244(d). Petitioner timely filed objections to the R&R. Having reviewed the R&R, Petitioner's objections thereto, the record of the case, and the relevant legal authority, the Court will adopt the R&R and dismiss this case with prejudice. The reasoning for the Court's decision follows.

## II.   BACKGROUND

Petitioner is currently confined at Monroe Correctional Complex pursuant to a judgment of conviction and sentence entered in *State of Washington v. Daniel Duane Hatch*, Superior Court of Washington for Pierce County Case No. 18-1-03968-3. Following a jury trial before the Superior Court of Washington for Pierce County, Petitioner was found guilty of one count of second-degree murder. On May 20, 2022, the trial court sentenced Petitioner to a term of 224 months in confinement followed by 36 months in community custody.

There is a lengthy procedural history related to Petitioner's direct and collateral appeals in state court that this Court will not restate here. It is sufficient to state for purposes of the instant habeas petition that Petitioner alleges that his attorney failed to file a timely notice of direct appeal with the Court of Appeals of the State of Washington, and instead filed the notice three days late. As such, the Appellate Court deemed the notice untimely. Petitioner's attorney then sought an extension of time within which to file the notice of appeal, which the Appellate Court granted. However, the Appellate Court later dismissed the appeal for want of prosecution after Petitioner failed to pay the filing fee or obtain an order of indigency within the required deadline.

## III.   DISCUSSION

### A.   Petitioner's Habeas Claim

Petitioner initiated this habeas petitioner on October 24, 2024, raising the following ground for relief: "Ineffective assistance of counsel—did not file appeal when he said he would." Dkt. No. 7 at 5. The Magistrate Judge reviewed the record and determined that AEDPA's one year limitation period began to run on December 9, 2022, and expired on December 11, 2023. Because Petitioner did not file this petition until October 2024, the

Magistrate Judge concluded that the petition is untimely. The Magistrate Judge also concluded that Petitioner is not entitled to statutory or equitable tolling; therefore, he recommends that this action be dismissed with prejudice. Petitioner objects to the foregoing recommendation. He does not dispute that his habeas petition is untimely; instead, he argues that he is entitled to equitable tolling because his attorney filed the notice of direct appeal three days late.

This Court agrees that Petitioner is not entitled to equitable tolling for his habeas petition. In order to receive equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. Diguglielmo*, 544 U.S. 408 (2005)). Here, Petitioner alleges that the "extraordinary circumstance" in this case is his attorney's failure to timely file his direct appeal. Petitioner has not demonstrated a causal connection between his attorney's failure to file a timely *direct* appeal in state court and Petitioner's own failure to file a timely *habeas petition* in federal court. Therefore, Petitioner has not shown that he is entitled to equitable tolling. *Randle v. Crawford*, 604 F.3d 1047, 1054 (9th Cir. 2010).

### B. Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id*. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Because this action is

resolvable as time-barred on the existing record, this Court concludes an evidentiary hearing is unnecessary.

### C. Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a District or Circuit Judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No reasonable jurist could disagree with the above evaluation of Petitioner's claim or conclude that the issue presented in his petition should proceed further. Therefore, Petitioner is not entitled to a certificate of appealability.

### IV. CONCLUSION

Based on the foregoing, this Court concludes that Petitioner's federal habeas petition is untimely as it was filed more than one year after Petitioner's judgment of conviction became final and no statutory tolling applies. Nor has Petitioner demonstrated the existence of extraordinary circumstances warranting the application of equitable tolling. Therefore, the petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d). As such, this Court HEREBY RULES as follows:

1. The federal habeas petition is DENIED and this action DISMISSED with prejudice;

2. An evidentiary hearing is not required;

3. A certificate of appealability is denied; and

4. The Clerk is directed to send copies of this order to Petitioner, to Counsel for Respondent, and to the Hon. David W. Christel.

Dated this 2nd day of July, 2025.

Barbara Jacobs Rothstein
U.S. District Court Judge